### In re CUSTOMER DEPOSITS OF ELECTRIC UTILITIES.

Docket No. 750248-RULE (RP).      Order No. 6672.

Florida Public Service Commission.

May 16, 1975.

The following commissioners participated in the disposition of this matter: WILLIAM T. MAYO, Chairman, WILLIAM H. BEVIS, and PAULA F. HAWKINS.

BY THE COMMISSION.

Pursuant to §120.54, Florida Statutes, the commission proposes to amend Rule 25-6.97 which prescribes the guidelines to be utilized by electric utilities in requiring deposits from their customers, and to repeal Rule 25-6.98, which prescribes the interest to be paid on customer deposits, and incorporate those provisions into a new Rule 25-6.97.

A lengthy rule-making proceeding has been held on this proposal, but was not concluded prior to the effective date of the new Administrative Procedures Act (§§120.01, et seq.). Thus, the purpose of this proceeding is to again propose the rule which was adopted by Order No. 6264, dated August 29, 1974, in Docket No. 73322-Rule.

The proposed rule consolidates present rules 25-6.97 and 25-6.98 into a single rule and modifies the existing rules in a number of ways. We intend to prescribe a minimum deposit and alternative

ways in which to establish credit for prospective customers, provide for the refund of deposits under certain conditions after a specified period of time, prescribe methods by which to require a new or additional deposit from existing customers, require the issuance of deposit receipts with certain information thereon, require the maintaining of minimal records by the electric utilities, and prescribe the maximum period of time which a deposit may be kept after termination of service by a customer.

The commission is vested authority by §366.05(1), Florida Statutes, to promulgate service rules and regulations to be observed by each electric utility. The proposed rule is in the public interest, is necessary in order to achieve some basis of uniformity by the electric industry in administering its deposit practices, and to prescribe more specific guidelines upon which the customers may rely when seeking electric service from said utilities.

Therefore, the commission on its own motion, pursuant to §§120.54 and 366.05(1), Florida Statutes, proposes to amend Rule 25-6.97 and repeal Rule 25-6.98, Florida Administrative Code, as set out in Appendix A, attached hereto and made a part hereof by reference.

It is therefore ordered that the attached rule is being proposed for adoption and that any and all persons affected by said rule are hereby given the opportunity to present any evidence and argument with respect to these rules and to request a hearing on this matter, as provided by §120.54(2), Florida Statutes.

It is further ordered that if such hearing is requested, it will be held before a hearing examiner at 1:30 p.m., July 15, 1975, in the commission hearing room, 700 South Adams Street, Tallahassee.

It is further ordered that after such hearing, if the same is necessary, the commission will consider any evidence presented and will reject, adopt or adopt with modification the proposed rules without further notice.

By order of Chairman WILLIAM T. MAYO, Commissioner WILLIAM H. BEVIS and Commissioner PAULA F. HAWKINS, as and constituting the Florida Public Service Commission, this 16th day of May, 1975.

### APPENDIX A

25-6.97 Customer Deposits.

(1) *Deposit required; establishment of credit.* — Each utility may require an applicant for service to satisfactorily establish

credit, but such establishment of credit shall not relieve the customer of complying with the electric company's rules for prompt payment of bills. Credit will be deemed so established if:

(a) The applicant for residential service has been a customer of a regulated electric utility in the state of Florida during the last two years and during the last 12 consecutive months of service did not have more than one occasion in which a bill was paid after becoming delinquent and never had service disconnected for non-payment.

(b) The applicant for any class of service furnishes a satisfactory guarantor to secure the payment of bills for the service requested.

(c) The applicant for any class of service pays a cash deposit subject to the further stipulations within this rule.

(d) The applicant for any class of service demonstrates a satisfactory credit rating by appropriate means including, but not limited to, the production of acceptable credit cards as defined by the commission, letters of credit reference, or the names of credit references which may be quickly and inexpensively contacted by the utility.

(2) *Amount of deposit.* — The amount of the initial required deposit shall be $25 or an amount estimated to equal charges for electric service for two average billing periods, whichever is greater. If after six months' service, the actual deposit is found to be greater than an amount equal to the charges for electric service for two actual billing periods, the utility shall, upon demand of the customer to the company, promptly refund the difference.

(3) *New or additional deposits.* — A utility may require, upon reasonable written notice of not less than 15 days, a new deposit, where previously waived or returned, or an additional deposit, in order to secure payment of current bills. Provided, however, that the total amount of the required deposit shall not exceed an amount equal to the average actual charges for electric service for two billing periods for the six month period immediately prior to the date of notice. In the event the customer has had service less than six months, then the utility shall base its new or additional deposit upon the average actual monthly billing available.

(4) *Refund of deposits.* — The deposit shall be automatically refunded to the residential customer if the customer has been a customer of the utility for 24 consecutive months and during the last 12 consecutive months has not received two or more second notices. Nothing in this rule shall prohibit the company from returning said deposit in less than 24 months.

(5) *Interest on deposits.* — Each electric utility which requires deposits to be made by its customer shall pay a minimum interest on such deposits of six percent per annum.

The deposit interest shall be simple interest in all cases and settlement shall be made annually, either in cash or by credit on the current bill. This does not prohibit any utility paying a higher rate of interest than six percent. No customer depositor shall be entitled to receive interest on his deposit until and unless the customer relationship and the deposit has been in existence for a continuous period of six months, then he shall be entitled to receive interest from the day of the commencement of the customer relationship and the placement of deposit.

(6) *Record of deposits.* — Each utility having on hand deposits from a customer or hereafter receiving deposits from them shall keep records to show:
(a) The name of each customer making the deposit;
(b) The premises occupied by the customer;
(c) The date and amount of deposit;
(d) Each transaction concerning the deposits such as interest payments, interest credited or similar transactions.

(7) *Receipt for deposit.* — A non-transferrable certificate of deposit shall be issued to each customer and means provided so that the customer may claim the deposit if the certificate is lost. The deposit receipt shall contain notice that after six months' service the customer is entitled to refund of any deposit over and above an amount equal to the charges for two actual average billing periods.

(8) *Refund of deposit when service discontinued.* — Upon termination of service, the deposit and accrued interest may be credited against the final account and the balance, if any, shall be returned promptly to the customer but in no event later than 60 days after service is discontinued.

General Authority §366.05(1), F. S. Law Implemented §366.03, F.S.